UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carol Meneses, individually and on behalf all other employees similarly situated,

                Plaintiff,

- against -

Los Dorados Cargo, Inc. d/b/a Los Dorados Cargo, Los Dorados Cargo L.I. Corp, d/b/a Los Dorados Cargo, Los Dorados Cargo Queens Corp, d/b/a Los Dorados Cargo, Oscar Russi, Selena Russi, Michael Russi, and Paola Sanchez

                Defendants.

Case No. 17-CV-7051

## SETTLEMENT AGREEMENT AND RELEASE

    **WHEREAS**, Carol Meneses (hereinafter, "Plaintiff") commenced an action against Los Dorados Cargo, Inc. Los Dorados Cargo L.I. Corp, Los Dorados Cargo Queens Corp, Oscar Russi, Selena Russi, Michael Russi, and Paola Sanchez, (collectively, "Defendants") on or about December 4, 2017, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number 1:17-cv-7051 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    **WHEREAS**, Defendants deny Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

    **WHEREAS**, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all claims that any Plaintiff have, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

    **WHEREAS**, Plaintiff's counsel and Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;



NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Payment**
   (a) In full and final satisfaction of any and all issues between the Parties, Defendants shall pay to the Plaintiff the sum of Six Thousand Five Hundred Dollars and Zero Cents ($6,500.00) (the "Settlement Sum").

   (b) The Settlement Sum shall be allocated as follows:

   a) $3,900 to "Carol Meneses"

   b) $2,600 to "Hang & Associates, PLLC including $650 for attorneys' fees and filing fees, expenses and costs.

   (c) The payments shall be delivered to Hang & Associates, PLLC, located at 136-20 38th Avenue, Suite 10G, Flushing, NY 11354 in accordance with the following schedule:

   a) Within Thirty (30) days after the Court's approval of the instant agreement, Defendants will issue two checks as follows:

   - $1,950 to "Carol Meneses" in full satisfaction of all claims Employee may have for liquidated damages and/or statutory penalties. An IRS Form 1099 will be issued to Plaintiff with respect to this amount after the end of the calendar year in which this check is paid;

   - $1,950 to "Carol Meneses" in full satisfaction of all claims Employee may have for back wages. Employers shall issue an IRS Form w-@ at the appropriate time to Employee for the withholding.

   - $2,600.00 to "Hang & Associates, PLLC" including $650 for attorneys' fees and filing fees, expenses and costs. Employers shall issue an IRS Form 1099 at the appropriate time for payment withholdings. The taxpayer identification number for the Firm will be provided in a W-9.

   (d) Hang & Associates PLLC shall be responsible for distributing the Settlement Sum to Plaintiff.

   (e) Employee agrees and acknowledges that Employers have not made any representations to her regarding the tax consequences of any payments or



amounts received by them pursuant to this Agreement. Employee agrees to indemnify Employers against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon the settlement payments. However, if the IRS determines that any monies paid to Employee should have been paid pursuant to a W-2, Employer will pay its share of any FICA payment that would have been due and owing.

(f) The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all claims or potential claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2.  **Mutual General Release**

In exchange for the Consideration set forth in Section 1 of this Agreement, Defendants' release below, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiffs are not otherwise entitled, Plaintiff, her spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily, and with the advice of counsel, fully and forever releases, waives, and discharges the Defendants, their present or former officers, directors, subsidiaries, affiliates, service providers, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns (collectively, the "Releasees"), from any and all rights, claims, charges, actions, causes of action, complaints, sums of money, suits, debts, covenants, contracts, agreements, promises, obligations, damages, demands, or liabilities, in law or in equity, arising up to the effective date of this release (collectively, "Claims"), which Plaintiff or her heirs, executors, administrators, successors or assigns ever had, now has or may hereafter claim to have by reason of any matter, cause or thing whatsoever: (i) arising out of or related to the services provided by Plaintiff to Defendants prior to the date such Plaintiff signed the Settlement Agreement, including, but not limited to (A) any such Claims relating in any way to the services Plaintiff provided to Defendant or any other Releasees, (B) any such Claims arising under the FLSA, the NYLL, or any other wage payment law, and (C) any such Claims arising under any federal, local, or state statute or regulation, including, without limitation, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the New York State Human Rights Law, the New York State Correction Law, the New York State Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, each as amended and including each of their respective implementing regulations and/or any other federal, state, local, or foreign law (statutory, regulatory or otherwise) that may be legally waived and released; (ii) relating to wrongful employment termination; or (iii) arising under or relating to any policy, agreement, understanding, or promise, written or oral, formal or informal, between Defendants and any other Releasees and Plaintiff; including any claims asserted in Plaintiff's original Complaint or any claims related to any allegations contained in the original Complaint. In exchange for Plaintiff's release above and other valuable consideration set forth elsewhere in this Agreement to which Defendants are not otherwise entitled, Defendants

3



knowingly, voluntarily, and with the advice of counsel, fully and forever release, waive, and discharge Plaintiff from any and all Claims it had, now has, or may hereafter claim to have by reason of any matter, cause or thing whatsoever against said Plaintiff arising prior to the date of this Amendment.

3. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit A) dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

4. **Employee Covenant Not to Sue.**

Plaintiff understands that by signing this Agreement, she is agreeing to not file any claims or lawsuits against the Released Parties with any court, government agency or private dispute resolution entity. If Plaintiff is requested to participate in any lawsuit, other proceeding, or investigation against any of the Released Parties, Employee agrees to immediately notify Defendants in writing. The Parties agree that to the extent, if any, Plaintiff may have any non-waivable rights to file or participate in a claim or charge against any of the Released Parties, this Agreement shall not be intended to waive such a right. However, even if Plaintiff has a right to file or participate in a claim or charge against any of the Released Parties, Plaintiff agrees that she shall not obtain, and hereby waives his right to, any relief of any kind from such a claim or charge. This Section only extends to and is limited to Plaintiff's claims that are released pursuant to Section 2 of this Agreement.

4. **Re-employment.**

Plaintiff agrees never to apply for, seek or accept employment from or be otherwise re-employed by Defendants and/or any of its affiliates, predecessors, assigns, parents, subsidiaries, or joint-ventures whether as employee, consultant, contractor or any other type of employment, or to otherwise seek employment with any of them at any time. Plaintiff agrees not to assert any claim against Defendants or any of its affiliates, predecessors, assigns, parents, subsidiaries, joint-ventures and its employees, officers, directors, investors, shareholders, agents, etc. concerning any future rejection of employment. In the event Plaintiff somehow becomes employed by Defendants or any of its respective affiliates, predecessors, assigns, parents or subsidiaries, she agrees such employment may be summarily terminated and she will have no claim regarding that application or termination. Plaintiff knowingly and voluntarily waives all rights she may have federal and/or state law as to employment with Defendants.

5. **Mutual Non-Disparagement.**

Plaintiff and Defendants agree that they shall not at any time make, publish or communicate to any person or entity or in any public forum any "Disparaging" (as defined below) remarks,

comments or statements, orally or in writing, in any medium or form, concerning the other parties. "Disparaging" remarks, comments or statements are those that impugn the character, honesty, integrity, morality or business acumen or ability, or reflect negatively upon, the individual or entity being disparaged. Disparaging remarks do not include truthful statements concerning Plaintiff's or Defendants' experience in litigating this case.

6. **Non-Admission**

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

7. **Attorneys' Fees**

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

8. **Acknowledgment**

Plaintiff acknowledges that he is receiving consideration under this agreement to which he is not otherwise entitled. Plaintiff acknowledges that she was represented by counsel of her choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Agreement; that she read this Agreement and/or had this Agreement explained to her fully and carefully and understand its terms; and that she is signing it knowingly and voluntarily.

9. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.



10. **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

11. **Effective Date**

This Agreement shall become effective immediately upon the Parties' execution.

12. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

13. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

14. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.



| | |
|---|---|
| DATED: _____ | Signature: _____<br>Los Dorados Cargo, Inc., Defendant<br>BY: _____ |
| DATED: _____ | Signature: _____<br>Los Dorados Cargo L.I. Corp., Defendant<br>BY: _____ |
| DATED: _____ | Signature: _____<br>Los Dorados Cargo Queens Corp., Defendant<br>BY: _____ |
| DATED: _____ | Signature: _____<br>Oscar Russi, Defendant |
| DATED: _____ | Signature: _____<br>Selena Russi, Defendant |
| DATED: _____ | Signature: _____<br>Michael Russi, Defendant |
| DATED: _____ | Signature: _____<br>Paola Sanchez, Defendant |
| DATED: 6/8/2018 | Signature: _____<br>Carol Meneses, Plaintiff |

7

# EXHIBIT A



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Carol Meneses, individually and on behalf all other employees similarly situated,

          Plaintiff,

- against -

Los Dorados Cargo, Inc. d/b/a Los Dorados Cargo, Los Dorados Cargo L.I. Corp, d/b/a Los Dorados Cargo, Los Dorados Cargo Queens Corp, d/b/a Los Dorados Cargo, Oscar Russi, Selena Russi, Michael Russi, and Paola Sanchez

          Defendants.

Case No. 17-CV-7051

**STIPULATION OF DISMISSAL WITH PREJUDICE**

    IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiff or Defendants. This court retains jurisdiction to enforce the settlement agreement and release of this action.

Dated: May 25, 2018

| **HANG & ASSOCIATES, PLLC** | **PERVEZ & REHMAN, P.C.** |
|---|---|
| By: /s/ *Phillip H. Kim* <br> Phillip H. Kim, Esq. <br> 136-20 38th Ave., Suite 10G <br> Flushing, New York 11354 <br> Telephone: (718) 353-8588 | By: /s/ Aneeba Rehman <br> Aneeba Rehman, Esq. <br> 68 South Service Road, Suite 100 <br> Melville, New York 11747 <br> Telephone: (631) 427-0700 |

